IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SANDRA TARANGO, Individually and as Representative of THE ESTATE OF FRANCISCO TARANGO, § § § § | | |
| Plaintiff, § | | |
| v. § | No. 2-11-CV-00125-J | |
| § | | |
| GENERAL MOTORS, LLC, and STEVEN LEE BUTLER § § § § | | |
| Defendants. § § | | |

## MEMORANDUM AND ORDER

This case arises out of a traffic accident which resulted in the death of Francisco Tarango. In December 2010, Sandra Tarango, his wife, sued General Motors in the Eastern District of Texas as an individual and as the representative of Mr. Tarango's estate. Plaintiffs allege diversity jurisdiction. The case was transferred to the Northern District on June 14, 2011. On July 13, 2011, Plaintiffs asked leave of court to join Steven Lee Butler as an additional, non-diverse defendant to the suit. Defendant General Motors filed a response to Plaintiffs' request for leave on August 5, 2011. General Motors argues this Court should not join Steven Lee Butler as a required party under Rule 19 of the Federal Rules of Civil Procedure and—even if he were joined as a party—this Court would retain its jurisdiction despite a lack of complete diversity.

Plaintiffs were granted leave of court to file a second Amended Complaint on September 7, 2011, which was filed on September 8, 2011 and added Butler as a defendant.

Rule 20(a)(2) allows the permissive joinder of additional defendants if: 1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(1)-(2).

The addition of Mr. Butler—a Texas resident—would destroy complete diversity and divest this Court of jurisdiction. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001). *See also, Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999). General Motors argues the addition of a non-diverse party does not deprive this Court of subject matter jurisdiction. It refers the Court to *Freeport-McMoRan, Inc. v. KN Energy, Inc.* as proof. *See Freeport-McMoRan v. KN-Energy, Inc*, 111 S.Ct. 858, 860 (1991). The Fifth Circuit has interpreted the holding of *Freeport-McMoRan* narrowly: a court retains diversity jurisdiction despite the joinder of a non-diverse defendant when a diverse party transfers its interest to a non-diverse party under Rule 25(c) of the Federal Rules of Civil Procedure. *See Cobb* at 680.

When considering whether to allow an amendment to add a non-diverse party, thereby destroying jurisdiction, this Court must consider several factors set forth in *Hensgens v. Deer & Co. See Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir.); *see e.g., Wilson v. Bruks-Kockner, Inc.*, 602 F.3d 363 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat jurisdiction, the district court must consider the *Hensgens* factors."). Four factors should be considered: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether Plaintiffs have been dilatory in asking for the amendment; (3) whether Plaintiffs will be significantly injured if the amendment is not allowed; (4) any other equitable factor. *Hensgens v. Deer & Co.* at 1182; *see also, Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001).

Plaintiffs have a potential right to relief against Steven Lee Butler. The potential liability of Mr. Butler arises out of the same transaction or occurrence as the suit between Plaintiffs and General Motors. Mr. Butler was the other driver in the accident that led to both Francisco Tarango's death and Plaintiffs' product liability claims against General Motors. There are also common questions of fact between General Motors and Butler including, but not limited to, questions regarding the cause of Mr. Tarango's injuries.

This case was filed in the Eastern District of Texas, where it remained for approximately six months before being transferred to this Court. Within two weeks after the transfer to this Court, Plaintiffs requested permission to add the proposed non-diverse defendant. Although the Plaintiffs did delay adding Butler as a defendant and waited until the case's transfer to the Northern District of Texas, these factors do not outweigh the fact that Butler is an obvious party to a cause of action arising from an automobile accident between Francisco Tarango and himself. It would be inequitable to deny Plaintiffs the ability to join a party so integral to the underlying facts.

The joinder of Steven Lee Butler as a defendant destroys complete diversity. Pursuant to Federal Rule of Civil Procedure 12(h)(3) this suit is DISMISSED WITHOUT PREJUDICE for want of subject matter jurisdiction.

IT IS SO ORDERED.

Signed this the 14th day of September 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE